17170/SAB                                                                                              Attorney ID: 6224469

**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY LUTTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:24-cv-1366 |
| v. | ) |
| | ) |
| DELTAX, LTD.; GENSCO EQUIPMENT, INC.; and GENSCO AMERICA, INC., | ) ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ANTHONY LUTRELL, by and through his attorneys, Anesi Ozmon, Ltd., and hereby complains of defendants, DELTAX, LTD., GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., as follows:

*PRELIMINARY STATEMENT*

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by the Plaintiff, Anthony Luttrell, while operating mechanical alligator shears that were manufactured, sold and distributed by the Defendants Deltax, Ltd., a Corporation, Genesco Equipment, Inc., a Corporation, and Gensco America, Inc., a Corporation.

*PARTIES*

2. Plaintiff, Anthony Luttrell ("Luttrell") is an individual who resides in Salem, Wisconsin. When the injury in question occurred, Luttrell was working for Concrete Solutions in Antioch, Illinois.

3. Upon information and belief, Deltax, Ltd., is a United Kingdom based corporation with a principal place of business at 6 Bottings Industrial Estate, Cudridge, Southampton, SO30 2DY, United Kingdom.

1

4. Upon information and belief, Genesco Equipment, Inc., is a Canadian based corporation with a principal place of business at 53 Carlaw Avenue, Toronto, Ontario M4M 2R6, Canada.

5. Upon information and belief, Gensco America, Inc., is a Georgia based corporation with a principal place of business at 5307 Dividend Drive, Decatur, Georgia, in the United States of America.

## JURISDICTION & VENUE

6. This Court has diversity jurisdiction over this matter as the Plaintiff is a citizen of the State of Wisconsin; was injured while acting as an employee for Concrete Solutions in Antioch, IL, in the Northern District Court of Illinois's jurisdiction; and the Defendants are corporations incorporated under the laws of the Nation of England, as a member of the United Kingdom, the Nation of Canada, and the State of Georgia. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, as specified in 28 U.S.C. § 1332.

7. This Court has personal jurisdiction over Deltax, Ltd., Genesco Equipment, Inc., and Gensco America, Inc. because the Plaintiff's claims arise from the defendants':

   a. transacting business in the State of Illinois;
   b. contracting to supply services or things in the State of Illinois;
   c. causing tortious injury by an act or omission in the State of Illinois; and/or
   d. causing tortious injury in the State of Illinois by an act or an omission outside of the State of Illinois and regularly doing and soliciting business and engaging in other persistent courses of conduct and deriving substantial revenue from goods used or consumed or services rendered in the State of Illinois.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## COUNT I
## STRICT LIABILITY: DELTAX

Now comes Plaintiff, ANTHONY LUTTRELL, by his attorney, ANESI OZMON, LTD., and complaining of the Defendant DELTAX, LTD., a corporation, alleges as follows:

9. That on and prior to June 13, 2022, the Defendant, DELTAX, LTD., was engaged in the business of designing, preparing, manufacturing, advertising, supplying, and/or selling a certain product, the Model DTX 300RB Hydraulic Heavy-Duty Shear (hereafter "the Shears" or "product"), and that prior to said date, the Defendant had, in fact, designed, prepared, manufactured, advertised, distributed, supplied, and/or sold the aforesaid product to Concrete Solutions, to be used as its Antioch, Illinois steel fabrication plant.

10. That on and prior to June 13, 2022, the Defendant had a duty to design, prepare, manufacture, advertise, distribute, supply, and/or sell the aforesaid product so that it was not unreasonably dangerous to users.

11. That the aforesaid Defendant participated in the design, preparation, manufacturing, advertising, distribution, supplying, and/or sale of the aforesaid product while said product was in an unreasonably dangerous condition regarding its acknowledged, intended, and foreseeable uses, and was so at the time the aforesaid product left the control of the Defendant, in that:

   a. The said product was unreasonably dangerous in design due to the Defendant's failure to utilize available safer technology for their Shears. For years there has been, for example, available technology that would stop machinery of the aforesaid product's kind from coming in contact with human flesh almost instantly, thereby entirely preventing traumatic injury, such as the kind suffered by the Plaintiff;
   b. The said product was unreasonably dangerous in design due to the Defendant's failure to utilize a reasonably alternative design that would place users of the Shears out of direct harm's way by locating the pedal-switch that operated the machine a greater distance away from the blade, rather than directly beneath it, thereby preventing traumatic injury to the user's hands, such as the kind suffered by the Plaintiff;
   c. That said product was unreasonably dangerous by design due to these manufacturing defects or omissions;
   d. That said product was unreasonably dangerous in that the Defendant provided inadequate safety technology which failed to prevent said product from causing significant and permanent bodily harm; and/or
   e. That said product was unreasonably dangerous in that the Defendant failed to adequately warn consumers or operators of the unreasonably dangerous condition of said product.

12. That on the aforesaid date, the said product was in use at Concrete Solutions, in the city of Antioch, in the State of Illinois; at said time, the Plaintiff was acting in the course of his employment as a Yard Man for said employer.

13. That on the aforesaid date, the Plaintiff was operating the Shears with ordinary care and diligence to cut lengths of steel rebar when the Shears injured the Plaintiff.

14. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product, the said product caused severe and permanent injury and disfigurement to the Plaintiff's right hand, including the amputation of the Plaintiff's ring finger and partial amputation of his middle finger.

15. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and preventing from attending to usual duties and affairs, and has lost, and will in the future lose, the value that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ANTHONY LUTTRELL, demands judgment against the Defendant, DELTAX, LTD., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT II
### NEGLIGENCE: DELTAX

Now comes Plaintiff, ANTHONY LUTTRELL, by his attorneys, ANESI OZMON, LTD., and complaining of the Defendant DELTAX, LTD., a Corporation, alleges as follows:

16. That on and prior to June 13, 2022, the aforementioned Defendant was engaged in the business of designing, preparing, manufacturing, advertising, supplying, and/or selling a certain product, the Model DTX 300RB Hydraulic Heavy-Duty Shear, and that prior to said date, the Defendant had, in fact, designed, prepared, manufactured, advertised, distributed, supplied, and/or sold the aforesaid product to Concrete Solutions, to be used as its Antioch, Illinois steel fabrication plant.

17. That on and prior to June 13, 2022, the Defendant had a duty exercise ordinary care to design, prepare, manufacture, advertise, distribute, supply, and/or sell the aforesaid product so that it was not unreasonably dangerous to users.

18. Notwithstanding its duty, at said and time and place, the Defendant, by and through its agents, servants, and employees, was on the aforesaid date in question, guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Failed to make a reasonable inspection of said product when Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to address preventable harm to the Plaintiff;
    b. Negligently and improperly manufactured, designed, and/or constructed said product, along with its component parts, such that it was unreasonably dangerous;
    c. Negligently failed to discover defective condition of the said product, its component parts, and/or its innate design and propensity for inflicting preventable harm;
    d. Negligently failed to employ a reasonably alternative design that would have rendered the product merchantable and not unreasonably dangerous; and/or
    e. Failed to adequately warn consumers or operators of the unreasonably dangerous condition of said product.

19. That on the aforesaid date, the said product was in use at Concrete Solutions, in the city of Antioch, in the State of Illinois; at said time, the Plaintiff was acting in the course of his employment as a Yard Man for said employer.

20. That on the aforesaid date, the Plaintiff was operating the Shears with ordinary care and diligence to cut lengths of steel rebar when the Shears injured the Plaintiff.

21. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product, the said product caused severe and permanent injury and disfigurement to the Plaintiff's right hand, including the amputation of the Plaintiff's ring finger and partial amputation of his middle finger.

22. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and preventing from attending to usual duties and affairs, and has lost, and will in the future lose, the value that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ANTHONY LUTTRELL, demands judgment against the Defendant, DELTAX, LTD., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT III
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: DELTAX

23. Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 22 and incorporates each as if fully set forth herein.

24. Defendant DELTAX, LTD., impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product and its component parts were merchantable, safe and fit for ordinary

purposes. DELTAX, LTD., a Corporation, is the merchant with respects to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective in its design, and therefore the product was not, in fact, merchantable, safe, and fit as warranted by the Defendant, and therefore breached these warranties to Plaintiff.

25. As the direct and proximate result of the Defendant's said breaches of warranty, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff, ANTHONY LUTTRELL, demands judgment against the Defendant, DELTAX, LTD., a Corporation, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

## COUNT IV
### STRICT LIABILITY: GENSCO EQUIPMENT & GENSCO AMERICA

Now comes Plaintiff, ANTHONY LUTTRELL, by his attorneys, ANESI OZMON, LTD., and complaining of the Defendants GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., and/or each of them, alleges as follows:

26. That on and prior to June 13, 2022, the aforementioned Defendants, and/or each of them, was engaged in the business of designing, preparing, manufacturing, advertising, supplying, and/or selling a certain product, the Model DTX 300RB Hydraulic Heavy-Duty Shear, and that prior to said date, the Defendants had, in fact, designed, prepared, manufactured,

7

advertised, distributed, supplied, and/or sold the aforesaid product to Concrete Solutions, to be used as its Antioch, Illinois steel fabrication plant.

27. That on and prior to June 13, 2022, the Defendants, and/or each of them, had a duty to design, prepare, manufacture, advertise, distribute, supply, and/or sell the aforesaid product so that it was not unreasonably dangerous to users.

28. That the aforesaid Defendants, and/or each of them, participated in the design, preparation, manufacturing, advertising, distribution, supplying, and/or sale of the aforesaid product while said product was in an unreasonably dangerous condition with regard to its acknowledged, intended, and foreseeable uses, and was so at the time the aforesaid product left the control of the Defendants, in that:

   a. The said product was unreasonably dangerous in design due to the Defendants' failure to utilize available safer technology for their Shears. For years there has been, for example, available technology that would stop machinery of the aforesaid product's kind from coming in contact with human flesh almost instantly, thereby entirely preventing traumatic injury, such as the kind suffered by the Plaintiff;
   b. The said product was unreasonably dangerous in design due to the Defendants' failure to utilize a reasonably alternative design that would place users of the Shears out of direct harm's way by placing the pedal-switch that operated the machine a greater distance away from the blade, thereby placing the user's appendages out zone of injury from the Shear's blade, hereby preventing traumatic injury to the hands, such as the kind suffered by the Plaintiff;
   c. That said product was unreasonably dangerous by design due to the manufacturing defects or omissions;
   d. That said product was unreasonably dangerous in that the Defendants provided inadequate safety technology which failed to prevent said product from causing significant and permanent bodily harm; and/or
   e. That said product was unreasonably dangerous in that the Defendants failed to adequately warn consumers or operators of the unreasonably dangerous condition of said product.

29. That on the aforesaid date, the said product was in use at Concrete Solutions, in the city of Antioch, in the State of Illinois; at said time, the Plaintiff was acting in the course of his employment as a Yard Man for said employer.

30. That on the aforesaid date, the Plaintiff was operating the Shears with ordinary care and diligence to cut lengths of steel rebar when the Shears injured the Plaintiff.

31. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product, the said product caused severe and permanent injury and disfigurement to the Plaintiff's right hand, including the amputation of the Plaintiff's ring finger and partial amputation of his middle finger.

32. That as a direct and proximate result of one or more of the aforesaid unreasonably dangerous conditions of said product, the Plaintiff then and there sustained severe and permanent injuries, both externally and internally, and was, and will be, hindered and preventing from attending to usual duties and affairs, and has lost, and will in the future lose, the value that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, ANTHONY LUTTRELL, demands judgment against the Defendants, GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., and/or each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

***COUNT VI***
***BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY: GENSCO***

33. Plaintiff realleges and repeats each and every allegation contained in paragraphs 26 through 39 and incorporates each as if fully set forth herein.

34. Defendants GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., and/or each of them, impliedly warranted, pursuant to 810 ILCS 5/2-314 to Plaintiff that the subject product

and its component parts were merchantable, safe and fit for ordinary purposes. GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., and/or each of them, is the merchant with respects to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective in its design, and therefore the product was not, in fact, merchantable, safe, and fit as warranted by the Defendants, and therefore breached these warranties to Plaintiff.

35. As the direct and proximate result of the Defendants' said breaches of warranty, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

WHEREFORE, the Plaintiff, ANTHONY LUTTRELL, demands judgment against the Defendants, GENSCO EQUIPMENT, INC., and GENSCO AMERICA, INC., and/or each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally costs of said suit.

/s/Steven A. Berman
Attorney for Plaintiff

Steven A. Berman
Attorney ID# 6224469
ANESI OZMON, LTD. (#35244)
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822
sberman@anesilaw.com